UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BOWERS,

        Petitioner,

                                  Case No. 16-cv-12150
v.                                HON. MARK A. GOLDSMITH

TONY TRIERWEILER,

        Respondent.
_____/

## ORDER OF TRANSFER

Petitioner Jason Bowers has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1),[1] challenging his state criminal convictions. Petitioner was convicted of second-degree murder, three counts of assault with intent to commit murder, felon in possession of a firearm, and felony firearm following a plea in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, to 28-to-50 years' imprisonment on the murder conviction, concurrent terms of 10-to-25 years' imprisonment on each of the assault convictions, a concurrent term of one-to-five years' imprisonment on the felon in possession conviction, and a consecutive term of two years' imprisonment on the felony firearm conviction in 2007. See Petitioner's Offender Profile, Michigan Offender Tracking Information System ("OTIS"), available at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=487402. In his pleading, Petitioner raises claims concerning the state trial court's subject matter jurisdiction, the

---

[1] Petitioner entitles his pleading as a "Nonconstitutional/Law Motion to Dismiss for Lack of Criminal Subject Matter Jurisdiction," but refers to it as a petition for writ of habeas corpus. Pet. at 1 (Dkt. 1). Additionally, it is well settled that state prisoners challenging their state-court convictions and seeking federal habeas relief must proceed under 28 U.S.C. § 2254. See Phillips v. Ct. of Common Pleas, Hamilton Cnty., 668 F.3d 804 (6th Cir. 2012) (citing cases). Consequently, the Court construes his pleading as a habeas petition brought pursuant to 28 U.S.C. § 2254.

2:16-cv-12150-MAG-MKM Doc # 6 Filed 07/19/16 Pg 2 of 3 Pg ID 64

validity of the statutes under which he was convicted, and the effectiveness of defense counsel. Petitioner has filed a prior habeas petition in federal court challenging the same convictions. The Court must, therefore, transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function that the district court previously performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner has already filed a federal habeas petition challenging the same convictions at issue in the instant case, which was denied and dismissed with prejudice. Bowers v. Ludwick, No. 09-cv-14169 (E.D. Mich. Mar. 17, 2011) (Zatkoff, J.). Petitioner has not obtained appellate authorization to file another petition, as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

SO ORDERED.

Dated: July 19, 2016   s/Mark A. Goldsmith
Detroit, Michigan   MARK A. GOLDSMITH
United States District Judge

2

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2016.

s/Karri Sandusky
Case Manager
